IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNY LEE NEWMAN, JR.,

      Plaintiff,

v.                               CASE NO. 5:15-cv-260-MP-GRJ

DR. MOSES IZUEGBU, et al.

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections at Calhoun CI, initiated this case by filing a *pro se, in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order. Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 7, which is before the Court for screening pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The allegations of the Amended Complaint may be summarized as follows. Plaintiff alleges that on July 3, 2015, he experienced chest pain and numbness in his face and jaw. Plaintiff alleges that he is at high risk for heart attack. He contends that Defendant Nurse Keel did not send a wheelchair for him and he walked to the clinic. Nurse Keel contacted Defendant Dr. Izuegbu. Plaintiff was given an EKG which reflected a result that was "not too bad" according to Nurse Keel. Keel gave Plaintiff

"nitro X3" but he continued to experience pain.[1]  Plaintiff remained in the clinic for 23

hours in accordance with Dr. Izuegbu's orders, but no further tests such as additional

EKGs or bloodwork were performed.  Dr. Izuegbu told Keel that he would see Plaintiff

the following Monday.  Plaintiff alleges that he was not given pain medication because

Defendants believe that he is "an addict."  He contends that he should have received

specialized cardiac care including three additional EKGs, three sets of bloodwork, and

non-narcotic pain medication, or that he should have been transferred to a hospital.

Plaintiff was released to return to his dormitory the following morning.  Plaintiff alleges

that he saw Dr. Izuegbu two weeks later but did not receive additional medications for

his complaints.  ECF No. 7.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities
secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v.*

*Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th

Cir. 2001).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate

indifference to the serious medical needs of prisoners violates the Eighth Amendment

prohibition against cruel and unusual punishment.  "To prevail on a deliberate

indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical

---

[1]The Court construes this allegation as stating that Keel gave Plaintiff
nitroglycerin, a common medication for angina.

need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).  To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Assuming that Plaintiff's condition amounted to a serious medical need under the Eighth Amendment, he has failed to show that Defendants were deliberately indifferent to his needs.   Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference.  *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") (

quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

Even liberally construing Plaintiff's allegations, it is apparent that he received treatment in the prison clinic upon complaining of chest pain. Plaintiff's allegations reflect that his medical care included an EKG and "nitro" for chest pain, and a 23-hour stay in the clinic. Although Plaintiff asserts that he should have received specialized cardiac care, additional testing, and additional medication, such claims amount to a mere disagreement over the type of treatment he should receive, and such disagreement does not create a constitutional claim. *See id*.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to state a claim upon which relief may be granted. The dismissal should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 4th day of November 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**